# STATE OF FLORIDA v LOPEZ AND ARANGO
## Case No. 86-7800

Eleventh Judicial Circuit, Dade County

December 28, 1987

### APPEARANCES OF COUNSEL

**Tony Barnes,** Assistant State Attorney, for plaintiff.

**Samuel Burstyn** and **Hy Shapiro,** for defendants.

### OPINION OF THE COURT

MARGARITA ESQUIROZ, Circuit Judge.

THIS CAUSE came on to be heard before me on defendants' RUBEN LOPEZ and SERGIO GAVERIA ARANGO, Motion to Suppress Evidence, Statements and Confessions. Based on the testimony and evidence presented and the argument on the law made by counsel for the respective parties, the Court makes the following findings.

1. Officer Fabregas' initial approach of the vehicle on March 19, 1986, was proper because the vehicle was illegally parked and because it displayed an expired temporary license tag.

2. Officer Fabregas properly requested defendant LOPEZ to produce his driver's license and car rental papers.

3. While Office Fabregas was standing behind Defendant LOPEZ while LOPEZ looked inside the glove compartment to retrieve the papers, Office Fabregas was in a position where he had the right to be; at that point, he illuminated the vehicle with a flashlight and saw a Saltine box behind the driver's seat. The use of a flashlight to illuminate the interior of a car is proper under *Texas v Brown,* 103 S. Ct. 1535 (1983).

4. The Court finds, however, that the nature of the Saltine box, or what the officer observed within it, was not by its very nature incriminating as evidence of a crime. The Court finds that it was not "immediately apparent" that the Saltine box or its visible contents were evidence of a crime, contraband, or otherwise subject to seizure so as to warrant a search or seizure under the plain view doctrine. Office Fabregas testified that he observed duct tape type wrapping inside the Saltine box which he claimed led him to believe that narcotics were being transported in the car. However, given the location of the box and its appearance as nothing else but a standard Saltine box, given the darkness of the area at the time in question, and given the position of the officer vis a vis the car, this Court is not persuaded that Officer Fabregas saw what he says he saw in the box, or that what he observed gave him probable cause to search or seize the box. The Court specifically rejects this testimony by Officer Fabregas.

5. The area in which the vehicle was stopped is not an area known for narcotics use or distribution.

6. Under *Arizona v Hicks,* 108 S. Ct. —, 94 L.Ed.2d 347, 355 (2987), the picking up and tilting of the box amounted to a search for Fourth Amendment purposes. While in *Arizona v Hicks, supra,* the mere recording of a serial number was not a seizure as the recording did not "meaningfully interfere" with the defendant's possessory interest in either the serial numbers or the equipment, the moving of the stereo equipment in that case did constitute a "search" separate and apart from the search for the shooter of the weapon. Therefore, in the present case, probable cause had to properly exist prior to a valid search or seizure of the Saltine box by the police.

7. The Court finds that in this case, Officer Fabregas removed the box from the vehicle and tilted it without probable cause. It was at that point that he observed for the first time the package wrapped in duct tape and some white powder emanating from an incision on the package. Based on *Arizona v Hicks, supra, United States v Chadwick,*

**201**

433 U.S. 1, 97 S.Ct. 2476 (19877), and other authorities cited for the record, the Court finds that the seizure and subsequent search of the Saltine box was illegal.

8. The Court finds that the search and seizure of the Saltine box cannot properly be upheld as a search incident to a lawful arrest under *New York v Belton*, 453 U.S. 454, 101 S.Ct. 2860 (1981), or under the doctrine of *Carroll v United States*, 267 U.S. 132, 45 S.Ct. 280 (1925). There was no probable cause to believe that the automobile in this case contained contraband or the fruits or instrumentalities of crime.

9. The Court also finds that the officers had no reason to detain defendant ARANGO for any length of time and that any detention was unreasonable in light of the circumstances and, therefore, that his arrest was illegal.

10. The Court suppresses any and all evidence obtained subsequent to Officer Fabregas' removal of the Saltine box from the vehicle, including the cocaine found in the Saltine box, statements made by defendant ARANGO, and the cocaine found as a result of the search of defendant ARANGO's wallet.

11. The Court finds that both defendants have standing to contest the illegal search and seizure of the Saltine box and its contents.

DONE and ORDERED at Miami, Dade County, Florida, this 28th day of December, 1987.